**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 12-43817 |
| | ) | |
| MARK W. HARRIS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| | ) | **Hearing Date:   October 22, 2015** |
| | ) | **Hearing Time:   10:30 a.m.** |
| | | **Courtroom:         742** |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

| | |
|---|---|
| Name of Applicant: | FrankGecker, LLP |
| Authorized to Provide Professional Services to: | Miriam R. Stein, Chapter 7 Trustee of the Estate of MARK W. HARRIS |
| Period for Which Compensation is Sought: | April 17, 2013 through June 30, 2015 |
| Amount of Fees Sought: | $   6,767.50 |
| Amount of Expense Reimbursement Sought: | $   55.77 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

{STEIN/HARRIS/00043383.DOC/}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-43817 |
| | ) | |
| MARK W. HARRIS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:   October 22, 2015 |
| | ) | Hearing Time:   10:30 a.m. |
| | ) | Room No.:       742 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **October 22, 2015**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Application of FrankGecker LLP as Counsel to Miriam R. Stein, Chapter 7 Trustee of the Bankruptcy Estate of MARK W. HARRIS, for Compensation and Reimbursement of Expenses** which was previously served upon you**.**

Dated:  September 18, 2015.

                                                      Respectfully submitted,

                                                      MIRIAM R. STEIN, not individually but as
                                                      Chapter 7 Trustee of the bankruptcy estate of
                                                      MARK W. HARRIS

                                                      By:    /s/    *Micah R. Krohn*
                                                              One of her attorneys

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:  (312) 276-1400
Fax:  (312) 276-0035
mkrohn@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-31028 |
| | ) | |
| MARK W. HARRIS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO MIRIAM R. STEIN, CHAPTER 7 TRUSTEE OF
THE BANKRUPTCY ESTATE OF MARK W. HARRIS
<u>FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

FrankGecker LLP, counsel to Miriam R. Stein, the Chapter 7 Trustee (the "Trustee") of the estate of MARK W. HARRIS, (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $6,767.50 for legal services performed as counsel to the Trustee during the period of April 17, 2013 through and including June 30, 2015 (the "Application Period") and reimbursement of expenses totaling $55.77 incurred in connection with those services.  In support of the Application, FrankGecker LLP respectfully represents as follows:

<u>**INTRODUCTION**</u>

1. On November 2, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Chapter 13 Case").

2. On March 21, 2013 (the "Conversion Date"), the Chapter 13 Case was converted to one under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

3. Miriam R. Stein ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

4. On June 19, 2013, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to April 17, 2013.

5. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6. One of the Debtor's scheduled assets consisted of real property located at 15 Beechnut Drive, South Barrington, Illinois 60010 (the "Real Estate") which the Debtor shared a half interest with his wife Christine Harris.

7. Prior to the Petition Date, Christine Harris had initiated divorce proceedings and did not live at the Real Estate.

8. On July 18, 2013, this Court entered an order [Docket No. 63] (the "Sale Order") authorizing the sale (the "Sale") of the Real Estate. Subsequently, the Trustee sold the Real Estate for $599,900, resolved two secured claims totaling approximately $445,000.00, and paid Christine Harris fifty percent of the net proceeds from the Sale.

9. This Application seeks allowance of all fees and expenses incurred by FG from April 17, 2013 through and including June 30, 2015. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I.  SERVICES PERFORMED

A.  **Administration**                                                                $1,207.50

FG spent 4.10 hours on issues relating to the review of Debtor's records and drafting, filing and appearing in court on Trustee's motion to compel turnover of documents; and communications with Debtor's counsel regarding same. Due to the Debtor's non-compliance with the Court's Order for Turnover of Documents dated October 22, 2014 [Docket No. 77] and pursuant to the Sale Order [Docket No. 63], the Trustee retained Debtor's homestead exemption of $15,000 from the sale proceeds of Debtor's Real Estate after determining that offsets existed against certain non-exempt property that the Debtor failed to turn over to the Trustee.

B.  **Retention of Professionals/Fee Applications**                                   $1,254.50

FG spent 6.30 hours relating to drafting, filing and appearing in court to employ Trustee's counsel, accountant and real estate broker. Within this matter, FG spent 1.50 hours reviewing time and billing invoices and preparing this first and final fee application at a cost of $262.50, which is approximately 3.9% of the fees sought in this final fee application.

C.  **Sale of Real Estate**                                                           $4,305.50

FG spent 11.90 hours relating to the sale of real estate located at 15 Beechnut Drive, South Barrington, Illinois 60010. FG negotiated the sale of the Real Estate in the amount of $599,900, paying off two secured creditors and Debtor's ex-spouse Christine Harris, netting the estate $7,443.58.

II.  ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.  <u>Zane L. Zielinski</u> (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board

of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

B. Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker.  Ms. Smith assisted counsel in case research and case administration.

### III. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG.  This fee application applies to fees and expenses incurred by FG from April 17, 2013 through and including June 30, 2015.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the Case and were rendered for the benefit of the Trustee and the Debtor's estate.  No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **22.30** hours providing necessary legal services for the Trustee.  The compensation requested in this application is **$6,767.50** for actual, necessary legal services performed **(Exhibit A)**.  The average hourly rate is **$303.48**.  In addition, FG has expended the sum of **$55.77** for actual necessary expenses incurred in representing the Trustee.  FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee.  The data

{STEIN/HARRIS/00043383.DOC/}            4

used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are at a reduced rate in order to allow a distribution to the claimants in this Case. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached **Exhibit A**. For purposes of this Application, counsel has used categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$6,767.50**;

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$55.77**; and

      C.      Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$6,823.27**.

Dated: September 18, 2015.	Respectfully submitted,

      MIRIAM R. STEIN, not individually, but as Chapter 7 Trustee of the bankruptcy estate of MARK W. HARRIS

      By:   /s/   *Micah R. Krohn*

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com